IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,682-03






EX PARTE KHRISTIAN OLIVER









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION TO STAY HIS EXECUTION

FROM CAUSE NO. 7901-98-5 IN THE 145TH JUDICIAL DISTRICT COURT

NACOGDOCHES COUNTY




 Per Curiam. Keller, P.J., not participating. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion to stay his
execution.

 In April 1999, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Oliver v. State, No. AP-73,837 (Tex. Crim. App. Apr. 17, 2002)(not designated for publication). Applicant filed his
initial post-conviction application for writ of habeas corpus in the trial court on January 9,
2002. This Court denied relief. Ex parte Oliver, No. WR-53,682-01 (Tex. Crim. App. Oct.
30, 2002)(not designated for publication). After the time to file the initial application had
passed, applicant also filed in the trial court a document entitled, "Applicant's Objections to
Disposition Without Evidentiary Hearing and Motion for Extension of Time to File Habeas
Findings of Fact and Conclusions of Law." Because applicant attempted to raise two
additional claims in this document, the Court concluded that it was a subsequent application. 
The Court reviewed the claims raised under Article 11.071, § 5, determined that they did not
meet the dictates of the statute, and dismissed them. Ex parte Oliver, No. WR-53,682-02
(Tex. Crim. App. Oct. 30, 2002)(not designated for publication). Applicant's second
subsequent application was filed in the trial court on October 26, 2009.

 Applicant presents two allegations in his application. We have reviewed the
application and find that applicant's allegations fail to satisfy the requirements of Article
11.071, § 5. Accordingly, the application is dismissed, and applicant's motion to stay his
execution is denied. Applicant has also filed a motion to recuse the Presiding Judge. That
motion is denied.

 IT IS SO ORDERED THIS THE 30th DAY OF OCTOBER, 2009.

Do Not Publish 

Price and Johnson, JJ., would dismiss the motion to recuse as moot.